**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: August 13, 2007**

_____
**ROBERT C. MCGUIRE
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| ANGELA MARIE OLTJEN, | § | CASE NO. 07-60534-RCM |
| Debtor. | § | CHAPTER 13 |

**MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART
TRUSTEE'S OBJECTION TO CONFIRMATION OF
DEBTOR'S PROPOSED CHAPTER 13 PLAN**

On August 1, 2007, the Court held a hearing on Chapter 13 Trustee Ray Hendren's Objection to Confirmation of Debtor's Proposed Chapter 13 Plan, said objection having been filed on July 17, 2007 (Doc. #13). The Trustee and the Debtor, represented by counsel, appeared at the hearing. The issue presented is whether the Debtor may claim certain monthly expenses to reduce her current monthly income. If these expenses are disallowed or only allowed in a reduced amount, then these freed up funds can be part of the Debtor's "projected disposable income" pursuant to 11 U.S.C. § 1325(b).[1]

_____

[1] Section 1325(b)(1) provides, "If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan-
...
(B) the plan provides that all of the debtor's projected disposable income to be received in the applicable period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors

1

The Court has subject matter jurisdiction of the parties' dispute pursuant to 28 U.S.C. § 1334 and § 157. The matter is a core contested proceeding pursuant to 28 U.S.C. § 158(b)(2)(A) (matters concerning the administration of the estate), (b)(2)(L) (confirmation of plans), and (b)(2)(O) (other proceedings affecting the liquidation of assets of the estate). The following represents the Court's findings of fact and conclusions of law made pursuant to Bankruptcy Rules 7052 and 9014. Where appropriate, a finding of fact shall be construed to be a conclusion of law, and vice versa.

First, Debtor asserts that the actual objections argued by the Trustee at the hearing, specifically, his objections regarding her cell phone and internet expenses and her voluntary contributions to a retirement plan, were not raised in the Trustee's written objection, therefore, said objections should be denied. The Trustee counters that, in his written objection, he raised an issue as to these specific expenses by his request for documentation of said expenses that Debtor listed on lines 37 and 55, respectively, of her Official Form 22C, the Means Test Form filed in this case on May 30, 2007. The Court agrees that, by the Trustee's request for information of the cell and internet expenses and of the voluntary retirement contributions made in the Trustee's written objection to confirmation of her plan, the Debtor was on notice that said expenses were being questioned.

<u>Cell Phone and Internet Expenses shown on Line 37 of Official Form 22C:</u>

The Trustee argues that the Debtor's monthly expenses of $150 for cell phone use and $44 for internet access is excessive and not necessary for the health and welfare of the Debtor. The Trustee asserts that Debtor's cell phone expense is too high because Debtor is supplying a cell phone to her younger sister who is not a dependent of the Debtor. The Trustee asserts that a more reasonable expense would be $75 per month for cell phone use and $25 per month for internet access. Further, the Trustee asserts that the Debtor has inflated her phone cost by listing on Schedule J, filed with her petition, both $45 as a telephone expense and $150 as a cell phone expense. The Debtor argues that $195 should be allowed as a deduction to monthly income.

The Debtor provides the cell phone use for her younger sister who is like a daughter to her, that because of the sister's younger age, it is a health and safety issue to provide the sister a

---

under the plan.

2

phone. Debtor has no home phone. The $45 listed as a home phone expense on the Debtor's Schedule J was listed in error. The Debtor's total phone cost is $150 and her internet cost is $44, totaling $194 per month.

As part of the confirmation process, a court must first ascertain if debtors have proposed to pay their "projected disposable income" to the plan, as required by § 1325(b)(1)(B). " In re Devilliers, 358 B.R. 849, 855 (Bankr. E.D. La. 2007). "'Projected disposable income' is not defined under the Code, however, "disposable income" is defined by being current monthly income less reasonably necessary expenditures for the maintenance and support of the debtor and the dependents of the debtor. Id. at 859. "Section 1325 also instructs that 'reasonably necessary' expenses are those calculated in accordance with § 707(b)(2)." Id. (quoting § 1325(b)(2)). Section 1325(b)(3) defines what expenses are "reasonably necessary" by reference to the so-called "means test" added to § 707(b)(2) by the Bankruptcy Abuse Prevention and Consumer Protection Act. Id. at 856. This means test applies to debtors whose income over the six months preceding bankruptcy is in excess of their state's median income and determines the amount of income a debtor must commit to confirm a chapter 13 plan. Id. at 856-57. Post-BAPCPA, Bankruptcy Rule 1007(b)(1)(6) requires every "above the median income" debtor to file a Form B22C,[2] along with schedules I and J, with the petition for relief. This official form requires debtors to report the average of income received and expenditures paid over the six-month period preceding bankruptcy and then deduct from that income certain amounts based upon national or local standards set by the IRS for such categories as food, housing, clothing, personal care, utilities, and transportation expenses. Id. at 856 & nn.6-7. Form B22C allows debtors to deduct their actual average monthly expenses for other categories of expenses, such as taxes, payroll deductions, insurance, court-ordered payments, certain education and childcare, healthcare, and telecommunications services.

Here, line 37 of the Debtor's Official Form 22 C, entitled "Other Necessary Expenses: telecommunication services," allows the Debtor to list the "average monthly amount that you actually pay for telecommunications services other than your basic home telephone service," including cell phone and internet service costs, "to the extent necessary for your health and

---

[2] The Debtor completed an Official Form 22C, but it is the same form likely with slight changes.

3

welfare or of that of your dependents." Debtor listed $194 per month, which she testified was $150 for cell phone and $44 for internet service. Debtor listed no dependents on her schedules. Although she may consider her younger sister to be like a daughter, this does not allow Debtor to pay for her sister's cell phone expense. The Debtor provided no information regarding the actual cell phone cost for only her phone use, however, she did testify that she has no other telephone. The Trustee suggested that a reasonable expense would be $75 per month for cell phone use. The Court finds that this $75 expense is reasonably necessary for the maintenance or support of the Debtor. The Debtor provided no information other than the $44 cost of her monthly internet service, for example, she provided no information why she needs internet service or why an internet expense at this dollar level is reasonably necessary for her maintenance or support. The Trustee suggested a $25 per month expense for internet service. The Court finds that this $25 expense is reasonably necessary for the maintenance or support of the Debtor. With this decrease in expenses, $94 per month is added to the Debtor's projected disposable income.

   Voluntary Contributions to the Debtor's voluntary retirement plan

   The Debtor contributed to the retirement plan monthly until August 2006 when she took a hardship withdrawal from the plan. The rules of the plan required her to stop making monthly contributions for a period of time, and once her eligibility was restored in April 2007, she again starting making monthly payments of $271.27. She filed bankruptcy on June 1, 2007.

   The Trustee argues that the Debtor should not be allowed to take this deduction, given that she only began making the contributions right before she filed bankruptcy. He argues that the applicable six-month period to review her income and expenses under the means test is from December 1, 2006 through May 31, 2007, and that she only started making the plan contributions approximately six weeks before filing bankruptcy, as shown by a pay stub dated April 14, 2007. At the most, the Trustee argues the Debtor's monthly deduction should be limited to the amount she actually contributed to the plan during that six-month review period, being $813.80, divided by six months, or $135.63 per month. The Debtor argues the full contribution should be allowed as a monthly deduction.

   Under 11 U.S.C. § 541(b)(7), mandatory or voluntary amounts given to ERISA qualified employee benefit plans do not constitute property of the estate. Devilliers, 358 B.R. at 864; In re Nowlin, 366 B.R. 670, 2007 WL 1095449 (Bankr. S.D. Tex. April 2007) (citing In re Johnson,

4

346 B.R. 256, 263 (Bankr. S.D. Ga. 2006)). As excluded income, the contributions are not a deduction because they were never included in income in the first instance. Devilliers, 358 B.R. at 864. Additionally, § 541(b)(7) contains no language that benefit plan contributions be reasonable or necessary. Id. at 864-65. Line 55 of the Debtor's Official Form 22C allows her to deduct from current monthly income the monthly average of all contributions or wage deductions made to qualified retirement plans as specified in § 541(b)(7).

Here, there was no issue regarding whether the Debtor's retirement plan is a qualified employee benefit plan. The $271.27 monthly deduction is allowed.

Conclusion

Accordingly, the Trustee's objection to confirmation is sustained to the extent that the Debtor's claimed amounts for cell phone and internet expenses are denied and, instead, as reasonably necessary for her maintenance and support, Debtor is allowed a monthly cell phone expense of $75 and an internet expense of $25 per month. This reduction of expenses results in $94 per month being added to the Debtor's projected disposable income. The Trustee's objection to confirmation is denied regarding the Debtor's deduction of a monthly qualified retirement plan contribution, and she is allowed a deduction of $271.27 per month.

An Order consistent with this Memorandum Opinion will be entered simultaneously on the docket.

# # #